IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENESETT CORPORATION, as Trustee of the Genesett Trust Dated 10/23/01, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>Defendant. | CIVIL ACTION NO.: 1:23-cv-12276-AK |

**STIPULATION AND PROPOSED ORDER FOR DISCOVERY, SUMMARY JUDGMENT, AND CLASS CERTIFICATION SCHEDULE**

Plaintiff Genesett Corporation, as Trustee of the Genesett Trust Dated 10/23/01, and Defendant Sun Life Assurance Company of Canada (collectively, the "Parties") hereby state and agree, through their respective counsel, as follows:

1. Plaintiff served Sun Life with its First Request for Production and First Set of Interrogatories effective December 5, 2023. Sun Life's responses and objections were due January 4, 2024. Sun Life asked for an extension for its responses and objections until January 18, 2024. Plaintiff granted this extension. On January 18, 2024, Sun Life asked for a second extension for its responses and objections until January 23, 2024. Plaintiff granted this extension, and Sun Life served its responses and objections on that day.

2. Among other objections, Sun Life objected to the scope, relevance, and burden of Plaintiff's requests for class discovery. The Parties met and conferred on January 31, 2024 and agreed that if the Court enters this stipulation and adopts the Proposed Amended Scheduling Order, there is no need for motion practice on whether class discovery is appropriate, if at all, until after the summary judgment ruling.

3. Upon the stipulation of the Parties, through their undersigned counsel, the following shall govern discovery, summary judgment, and class certification:

a. Discovery shall be bifurcated into a two-phase process. The first phase ("Phase I") shall consist of discovery relevant to the merits of the issue of contract interpretation for Plaintiff's individual breach of contract claim. Thus, Phase I discovery shall be limited to issues of contract interpretation for which early summary judgment will be filed.

b. Phase I will be followed by motion practice for summary judgment solely on the issue of contract interpretation. Summary judgment as to all other issues shall be reserved and may be filed during or after Phase II as described below.

c. If final judgment in the district court is not entered as a result of Sun Life's motion for summary judgment during Phase I, there will be a period of class discovery including any remaining merits discovery ("Phase II"). The Parties may serve additional requests for production, interrogatories, and requests for admissions during Phase II. After a ruling on summary judgment in Phase I, the parties will promptly meet and confer to propose a scheduling order for Phase II, including a new date for substantial completion of Phase II documents. Plaintiff may move for class certification at any point during Phase II and until the deadline set by the Court.

d. The Parties agree that the Parties may take second, non-duplicative individual and 30(b)(6) depositions in Phase II.

e. Sun Life stipulates and agrees and hereby expressly waives whatever protections to which it would otherwise be entitled under the "one-way intervention" rule with respect to any summary judgment motion during Phase I as to contract interpretation. *See, e.g.*, *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547 (1974); *Charlessaint v. Person Acceptance Corp.*, 110 F. Supp. 3d 303, 310 (D. Mass. 2015).

  f. The Parties expressly reserve all rights, arguments, claims, and defenses not addressed herein.

  g. This Scheduling Order supersedes and vacates the December 21, 2023 Scheduling Order (Dkt. 58).

SO STIPULATED AND AGREED.

Dated: April 30, 2024

| **Genesett Corporation, as Trustee of the Genesett Trust Dated 10/23/01,** | **Sun Life Assurance Company of Canada,** |
|---|---|
| By its attorneys, | By its attorneys, |
| /s/ *Halley W. Josephs* | /s/ *Timothy J. Perla* |
| Steven G. Sklaver (*pro hac vice*)<br>Glenn C. Bridgman (*pro hac vice*)<br>Halley W. Josephs (*pro hac vice*)<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars<br>Suite 1400<br>Los Angeles, California 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>ssklaver@susmangodfrey.com<br>gbridgman@susmangodfrey.com<br>hjosephs@susmangodfrey.com<br><br>Seth Ard (*pro hac vice*)<br>Ryan Kirkpatrick (*pro hac vice*)<br>Zach Savage (*pro hac vice*)<br>SUSMAN GODFREY L.L.P.<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel: (212) 336-8330<br>Fax: (212) 336-8340<br>sard@susmangodfrey.com<br>rkirkpatrick@susmangodfrey.com<br>zsavage@susmangodfrey.com<br><br>Julia C. O'Neil (Risley) (*pro hac vice*)<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana, Suite 5100 | Timothy J. Perla (BBO 660447)<br>Robert K. Smith (BBO 681914)<br>Sonia Sujanani (BBO 691145)<br>WILMER CUTLER PICKERING HALE & DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Tel: (617) 526-6000<br>Fax: (617) 526-5000<br>timothy.perla@wilmerhale.com<br>robert.smith@wilmerhale.com<br>sonia.sujanani@wilmerhale.com<br><br>Chris Casamassima (*pro hac vice* forthcoming)<br>WILMER CUTLER PICKERING HALE & DORR LLP<br>350 South Grand Avenue, Suite 2400<br>Los Angeles, CA 90071<br>Tel: (213) 443-5300<br>Fax: (213) 443-5400<br>chris.casamassima@wilmerhale.com<br><br>Jessica Lewis (BBO 685549)<br>WILMER CUTLER PICKERING HALE & DORR LLP<br>One Front Street, Suite 3500<br>San Francisco, CA 94111<br>Tel: (628) 235-1000<br>Fax: (628) 235-1001 |

Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
jrisley@susmangodfrey.com

Brian T. Kelly (BBO 549566)
Joshua C. Sharp (BBO 681439)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel: (617) 345-1000
Fax: (617) 345-1300
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com

jessica.lewis@wilmerhale.com

**APPROVED.**

Dated: May 3, 2024

/s/ Angel Kelley
_____
Hon. Angel Kelley
United States District Judge