UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENESETT CORPORATION, as Trustee )
of the Genesett Trust Dated 10/23/01, on )
behalf of itself and all others similarly )
situated, )
               Plaintiff, )
  )     Civil Action No. 23-12276-AK
v. )
  )
SUN LIFE ASSURANCE COMPANY )
OF CANADA, )
  )
              Defendant. )
  )

ORDER ON PLAINTIFF'S MOTION TO COMPEL
[Docket No. 163]

June 1, 2026

Boal, M.J.

This case concerns flexible premium universal life insurance policies issued by

Defendant Sun Life Assurance Company of Canada ("Sun Life"), which include a lapse

protection feature.  Plaintiff Genesett Corporation moves to compel discovery regarding the

higher cost of insurance rates Sun Life allegedly charged in exchange for lapse protection.  For

the following reasons, I grant the motion. [1]

I.      FACTUAL AND PROCEDURAL BACKGROUND

The parties' dispute centers on the calculation of the minimum premium amount required

to keep the lapse protection feature active in a universal life insurance policy.  Unlike a whole

---

[1] On December 23, 2025, Judge Angel Kelley referred this case to the undersigned for case
management.  Docket No. 150.

life policy, which requires a fixed premium to be paid regularly, or the policy will terminate, a flexible premium universal policy does not require a fixed premium payment.  See Docket No. 1 ¶ 12.  Instead, when applying for such policies, the applicants choose a planned premium schedule, which sets the amount and timing of the premium payment.  Docket No. 99 at 2.  A policyowner also has the flexibility to pay more or less than the planned premium, to forego payments entirely, or to pay more or less frequently.  Id.  The amount and timing of the premium payments affect how long a policy may last.  Id.

Despite this flexibility, the policies warn that:

IT IS POSSIBLE THAT COVERAGE WILL END BEFORE THE MATURITY DATE SHOWN ABOVE.  THIS CAN HAPPEN IF NOT ENOUGH PREMIUMS ARE PAID OR IF THE PREMIUMS PAID ARE NOT LARGE ENOUGH TO KEEP THIS POLICY IN FORCE UNTIL THE MATURITY DATE.

Docket No. 77-1 at 5 (capitalization in original).  Specifically, these policies stay in force only if their "cash surrender value" is sufficient to cover the monthly deduction on the monthly anniversary date (i.e., the monthly charge, including the cost of insurance).[2]  Docket No. 99 at 2.  If a policy lapses, the policyholder and the beneficiary lose all death benefit protection, no matter the amount of premiums paid to date.  Docket No. 1 ¶ 13.

There is, however, a mechanism to keep such a policy in force even if the policy's cash surrender value is insufficient to cover the monthly deduction.  See Docket No. 99 at 3.  This is known as the lapse protection feature.  Id.  The lapse protection provision provides that the policy will not terminate so long as the minimum premium test ("MPT") is satisfied on the policy's anniversary date.  See id.

The MPT is satisfied if part (a) does not exceed part (b), where:

---

[2]  A policy's cash surrender value increases as premium payments are made and interest accrues, and it decreases as monthly deductions are made.  Docket No. 89 ¶ 5.

> (a) is the applicable minimum premium shown in the table of lapse protection minimum premiums in section 2B accumulated for the number of months this policy has been in force at an interest rate of .327374% per month, compounded monthly (4% per year, compounded yearly); and
>
> (b) is the amount of premiums paid for this policy accumulated at an interest rate of .327374% per month, compounded monthly (4% per year, compounded yearly) less partial surrenders accumulated at the same rate of interest compounded in the same way.

Docket No. 89 ¶ 11.

On July 6, 2023, Genesett filed a complaint against Sun Life for breach of contract. Docket No. 1. Genesett contends that Sun Life breached the contract (i.e., the policy) by miscalculating the total premium payments needed to keep the lapse protection feature active. Id. ¶ 40. On July 24, 2024, Sun Life filed a motion for summary judgment solely on its interpretation of part (a) of the MPT. See Docket No. 74. On February 28, 2025, Judge Kelley denied the motion, concluding that there is a genuine dispute of material fact regarding the correct interpretation of the minimum premium test. Docket No. 99 at 11.

In May 2025, Genesett served discovery requests, including Interrogatory No. 18 and Request for Production ("RFP") No. 18, which are the subject of this motion to compel. Docket No. 163. Interrogatory No. 18 asks Sun Life to "[i]dentify the methodology, mathematical formulas, and data used to calculate the 'higher current [cost of insurance] rates' associated with the lapse protection feature for policyholders of at-issue policies, as compared to policyholders without the lapse protection feature." Docket No. 165-1 at 9. RFP No. 18 asks Sun Life to produce "[f]or each of the at-issue policies" "all data and inputs necessary to implement the methodology and formulas identified" in Interrogatory No. 18 that were used "to calculate the higher cost of insurance rates associated with the lapse protection feature." Docket No. 165-2 at 7-8. Sun Life objected to both requests. See Docket Nos. 165-3 at 6-7; 165-4 at 9-10.

3

On March 5, 2026, Genesett filed the instant motion to compel Interrogatory and RFP No. 18.  Docket Nos. 163; 164 at 7-9.  Sun Life filed an opposition on March 19, 2026, to which Genesett filed a reply.  Docket Nos. 169; 175.  On May 22, 2026, this Court held a hearing on the motion.  Docket No. 197.

II.    STANDARD OF REVIEW

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information."  Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2010) (citing United States ex rel. Schwartz v. TRW, Inc., 211 F.R.D. 388, 392 (C.D. Cal. 2002)).  To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Factors that must be considered in weighing proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Id.

"[T]he party seeking an order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant."  Torres v. Johnson & Johnson, No. 3:18-10566-MGM, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018) (citation omitted).  "Once a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper."  Id. (citation omitted).

4

III.    ANALYSIS

This discovery dispute centers on whether Sun Life's methodologies, formulae, and data used to calculate the values that appear in the tables of the lapse protection minimum monthly premiums are sufficiently relevant to the claims and defenses to warrant production under Rule 26.  Genesett contends that the methodology behind calculating higher cost of insurance ("COI") rates in exchange for the lapse protection feature is relevant because it would show the value of the benefit at issue.  Docket Nos. 164 at 12-13; 175 at 6, 10-11.  Indeed, Genesett claims that Sun Life breached its contract by miscalculating the total premium payments due in order to keep the lapse protection feature for the policies at issue.  Docket No. 1 ¶ 40.

Conversely, Sun Life argues that the requested discovery is irrelevant to its liability or damages.  Docket No. 169 at 12, 16.  Specifically, Sun Life maintains that the MPT is a calculation independent of COI pricing and that Genesett's theory rests on a misinterpretation of Sun Life's product guide, as limited lapse protection was a built-in feature for all relevant policies rather than a separately priced add-on.  Id. at 12-13, 17.  Sun Life further contends that the calculation of damages does not require information regarding the increased COI associated with the lapse protection feature.  Id. at 17.

Here, Judge Kelley has already ruled that the MPT provision is ambiguous, making the parties' differing interpretations a live issue.  See Docket Nos. 1 ¶ 40; 99 at 5-6.  Genesett has met its burden of showing that the requested discovery is relevant to its theory of the case.  It is entitled to understand the methodology behind Sun Life's calculations.

IV.      CONCLUSION

For all the reasons stated above, I grant the motion to compel and order Sun Life to provide responsive information to Interrogatory No. 18 and Request for Production No. 18 within fourteen days of this Order.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE