UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENESETT CORPORATION, as Trustee )
of the Genesett Trust Dated 10/23/01, on )
behalf of itself and all others similarly )
situated, )
     Plaintiff, )
            )   Civil Action No. 23-12276-AK
v. )
            )
SUN LIFE ASSURANCE COMPANY )
OF CANADA, )
            )
     Defendant. )
            )

ORDER ON PLAINTIFF'S MOTION TO COMPEL
[Docket No. 166]

June 1, 2026

Boal, M.J.

This case concerns flexible premium universal life insurance policies issued by

Defendant Sun Life Assurance Company of Canada ("Sun Life"), which include a lapse

protection feature. Plaintiff Genesett Corporation has filed a motion to compel the production of

all annual reports and in-force illustrations for the 3,253 policies at issue in this matter. For the

following reasons, I grant the motion to the extent it seeks the production of documents.[1]

I.  FACTUAL AND PROCEDURAL BACKGROUND

The underlying dispute in this case seeks to uncover whether Sun Life breached universal

life insurance policies by miscalculating the minimum premium test ("MPT"), a formula that

---

[1] On December 23, 2025, Judge Angel Kelley referred this case to the undersigned for case management. Docket No. 150.

1

determines if a life insurance policy qualifies for lapse protection.  Docket No. 1 ¶ 20.  Under the policy, if the MPT is satisfied, the policy remains in force even if its cash value is insufficient to cover monthly charges.  Id. ¶ 16.

On July 6, 2023, Genesett sued Sun Life for breach of contract.  Docket No. 1.  Genesett contends that Sun Life breached the contract (i.e., the policy) by miscalculating the applicable total premium payments due in order to keep the lapse protection feature active.  Id. ¶ 40.

On July 14, 2025, Genesett moved to compel classwide data and policy files for all life insurance policies for those individuals within the proposed class definition.  Docket Nos. 109; 110.  The parties subsequently resolved the matter by stipulation.  Docket No. 125.  In the stipulation, Sun Life agreed to produce, among other things, the following documents for policies in force within the relevant statutes of limitations:  (1) lapse notices, (2) pre-sale illustrations, and (3) "[c]ommunications in the policy documents concerning the lapse protection provision's minimum premium test."  Id. at 3 (paragraphs 1 (d) – (f) respectively).

The parties now dispute the scope of paragraph 1(f).  See Docket No. 162 at 10.  Genesett contends that annual reports and in-force illustrations are "communications" that necessarily concern the MPT.  Id.  Sun Life disagrees, arguing these documents were intentionally excluded from the stipulation.  Id.  As a result, Genesett filed the instant motion to compel on March 17, 2026, which Sun Life opposed on March 31, 2026.  Docket Nos. 166; 172.

On May 22, 2026, this Court held a hearing on the motion.  Docket No. 197.

II.     STANDARD OF REVIEW

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information."  Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644-REB-CBS, 2010 WL

502721, at *9 (D. Colo. Feb. 8, 2010) (citing United States ex rel. Schwartz v. TRW, Inc., 211 F.R.D. 388, 392 (C.D. Cal. 2002)).  To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Factors that must be considered in weighing proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Id.

III.    ANALYSIS

Genesett seeks to compel Sun Life to produce annual reports and in-force illustrations for the relevant policies, arguing that such production is in accordance with the parties' stipulation. Docket No. 167 at 5.  This Court agrees.

Sun Life's annual reports provide its yearly financial accounting, account values, and policy status to a policyholder.  See, e.g., Docket Nos. 168-1.  Such reports contain projections indicating how long a policy will remain in force under its lapse protection features.  Docket Nos. 167 at 17; 168-1 at 6.  This information necessarily involves the interpretation and application of the MPT.  Similarly, in-force illustrations project future policy values and the premium levels required to maintain coverage.  See, e.g., Docket Nos. 168-2; 168-4.  These illustrations explicitly state that their financial projections incorporate the underlying assumptions of the lapse protection feature.  Docket Nos. 168-2 at 4-5; 168-4 at 4-5. Accordingly, both categories of documents are communications concerning the lapse protection provision's minimum premium test.

Sun Life's restrictive interpretation of the parties' stipulation is unavailing as it invites this Court to read a limiting qualifier into Paragraph 1(f) that does not exist in the plain text. Paragraph 1(f) broadly mandates the production of "[c]ommunications in the policy documents concerning the lapse protection provision's [MPT]." Sun Life contends that an in-force illustration or annual report only "concerns" the MPT if it is specifically "referenced in" another substantive communication. However, an annual report or in-force illustration that notifies a policyowner of their lapse protection status or provides a projected date of coverage is, by its very nature, a "communication" that "concerns" the MPT through its operational application.

Sun Life's defense theory is that a breach of contract only occurs if Sun Life communicated its alleged misapplication of the MPT to the policyowner. Docket No. 113 at 12-13. Given that theory, this Court finds it incongruous to permit Sun Life to withhold the periodic communications sent to policyholders on the basis of Sun Life's narrow reading of the stipulation. Sun Life cannot reasonably assert a no communication, no breach defense while simultaneously withholding communications sent to policyholders that concern the state of their lapse protection. Genesett is entitled to discovery to test Sun Life's theory.

Finally, regarding Sun Life's claim of undue burden, while the burden is significant, this Court finds that the burden is not undue and fails to justify non-production of the requested items. Further, Genesett's requested discovery is proportional to the needs of the case.

IV.    CONCLUSION

For all the reasons stated above, I grant the motion to the extent it seeks the production of documents. Sun Life is ordered to produce the documents within thirty days of this Order.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

4